## United States v. O. E. Barrant

**No. 5086.**—Invoice dated Shanghai, China, December 6, 1939.
Certified December 11, 1939.
Entered at Los Angeles, Calif., January 3, 1940.
Entry No. 5801.

(Decided January 8, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney), for the plaintiff.

*Harper & Harper* (*Abraham Gottfried* of counsel) for the defendant.

Evans, Judge: This is an appeal by the collector from a finding of value upon an importation of merchandise from China. The merchandise is described on the invoice as 4 cases white fur dogs, 2 cases wooden fork and spoon sets, and 2 cases white rabbit fur slippers. They were appraised at the invoiced and entered values.

At the hearing at the port of Los Angeles the Government attorney stated that the contention of the Government is that an item of 148 Shanghai dollars for packing "is a dutiable item and the merchandise should be appraised accordingly."

The Government produced the testimony of the United States examiner at the port of Los Angeles who stated that although the examination of this entry was charged to him, he examined only the fur dogs, which he reported at the invoice value appearing on the pro forma entry, and that merchandise was appraised at that figure. He further testified that a consular invoice was later produced on which appeared certain packing charges amounting to 148 Shanghai dollars, which did not appear on the pro forma. This witness further testified as follows:

Q. Are the findings which the appraiser officially made with regard to the fur dogs as to dutiable value and all elements of dutiable value, such as usual wholesale quantity, principal market, etc., correct and accurate, so far as you know?—A. It would appear the packing charge was left out.

Q. That is the only thing which does not, according to your understanding, reflect the proper dutiable value?—A. To the best of my knowledge, I would say yes.

The cross-examination of this witness was confined to questions as to whether the consular invoice stated that the packing charges were included in or excluded from the invoice price of the merchandise. The said consular invoice is a part of the record and we find upon an inspection thereof that it states as follows:

Other charges not included above

SHIPPING CHARGES:—

\*       \*       \*       \*       \*       \*       \*

Packing Charges_____ 148.

While the testimony is rather weak, nevertheless it was not disputed by the importer.

The court however finds itself unable to find a value for the merchandise before it. As stated above, three classes of articles were imported. The witness produced testified as to his knowledge of the value of but one of these classes, viz, fur dogs. As I read his testimony he stated that to the value of that merchandise as found by him there should be added a packing charge. I am unable by a mere inspection of the invoice to allocate the packing charges, and find what portion of the 148 Shanghai dollars is applicable to the fur dogs. However, it is the function of the collector and not the appraiser to determine whether or not packing charges are dutiable items. *United States* v. *Spingarn Bros.*, 5 Ct. Cust. Appls. 2, T. D. 34002.

I find the record herein insufficient to enable me to determine the proper value for the merchandise, and conclude that the plaintiff has not sustained the burden of proof. The values found by the appraiser will therefore stand.

It is so ordered.